UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X

| | |
|---|---|
| JANE DOE (pseudonym), Plaintiff, | **Docket No.:** |
| -against- | **COMPLAINT** |
| CLIFFORD ARGINTAR, Defendant. | **JURY TRIAL DEMANDED** |

--------------------------------------------------------------------- X

Plaintiff JANE DOE, by her attorneys Horn Wright, LLP, complaining of Defendant CLIFFORD ARGINTAR, alleges as follows:

**NATURE OF ACTION**

1. This is an action in which Plaintiff JANE DOE seeks relief from Defendant CLIFFORD ARGINTAR for the unlawful disclosure, publication, and dissemination of intimate images in violation of 15 U.S.C. § 6851, New York Civil Rights Law § 52-b, and New York City Administrative Code § 10-180.

**JURISDICTION**

2. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

**VENUE**

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) as Defendant resides in the Southern District of New York.

## THE PARTIES

4. Plaintiff JANE DOE ("Plaintiff") is a resident of the State of New York and of Korean descent.

5. Upon information and belief, at all relevant times described herein, Defendant CLIFFORD ARGINTAR ("Defendant") is an individual residing in New York County, New York.

## FACTUAL BACKGROUND

6. In or around 2024, Plaintiff and Defendant entered into a relationship with Plaintiff moving into Defendant's Manhattan, New York apartment in or around 2025.

7. Throughout their relationship, Defendant authorized Plaintiff to access his phone for a variety of purposes including, but not limited to, using it as a television remote and accessing various streaming services.

8. In or around December 23, 2024, Plaintiff sent a photo of her nude breasts to Defendant.

9. The photograph was sent for the exclusive viewing of Defendant and was intended to remain private.

10. Defendant was well aware the photograph sent to him by Plaintiff of her nude breasts was sent for his exclusive viewing and not to be shared with any third party.

11. In or around January of 2025, Defendant took a photograph of Plaintiff laying nude in bed with her buttocks exposed.

12. This photograph was taken without Plaintiff's knowledge or consent

13. In or around August of 2026, Plaintiff discovered that Defendant had used his Apple iPhone to send the above-mentioned photographs to at least three individuals known to Plaintiff, identified for the purposes of this action, by the initials MT, MA, and CR.

14. The photographs were sent along with photographs of Plaintiff's face and vulgar references such as Defendant referring to Plaintiff as "Asian poon tang" and ranking various types of Asian women as they compare to Plaintiff and/or her ethnicity.

15. Upon information, when Defendant first discussed Plaintiff with MT, he stated in a text "Ive been smashing this 28 year old asian that I met at a loungr[sic]" accompanied by a photograph of Plaintiff wearing sunglasses and a bikini.

16. The following is a fair and accurate screen shot of the text messages and/or photos exchanged between Defendant and MT with the name and images redacted.



17. In one of the transmissions of the image of Plaintiff's breasts to MT, Defendant stated "You would like the little Korean sex toy that just left my place" "Has nice little tits ill [sic] send them to you but between us. She is very private."

18. The following is a fair and accurate screen shot of the text messages and/or photos exchanged between Defendant and MT with the name and images redacted.




19. In that very same conversation, Defendant later acknowledged that Plaintiff was willing to convert to Judaism so she could marry him and give him children.

20. In another conversation with MT, Defendant stated that he had gone to St. Thomas with Plaintiff and that her "[P]ussy is so tight is hurts my dick" followed by a picture of Plaintiff and Defendant sitting together.

21. The following is a fair and accurate screen shot of the text messages and/or photos exchange between Defendant and MT with the name and images partially redacted.




22. Later in that same conversation, Defendant stated that he thought MT "would be proud of the asian poon tang" and that he was probably going to break up with Plaintiff the following week.

23. The following is a fair and accurate screen shot of the text messages and/or photos exchanged between Defendant and MT with the name and images redacted.




24. In another conversation with MT, Defendant stated that "[a]ll I did today was fuck my new korean girl and then let her cook for me" followed by a picture of Plaintiff laying down nude in bed that Defendant had taken and disseminated without Plaintiff's consent or authority.

25. The following is a fair and accurate screen shot of the text messages and/or photos exchanged between Defendant and MT with the name and images redacted.


2:02
29
MT
[redacted]
No !
Are you going to bang this one again
I'm dying over here.
Nah. Tired of Asian pussy for now.
Going to give it a rest for a little.
Why are you dying over there
Its friday just go home and relax
Dying of laughter.
Yeah I got enough Vikki g for the week.
All I did today was fuck my new korean girl and then have her cook for me


2:02
29
MT
[redacted]
1 Reply
I should just go home and stare at my dick with admiration.
[redacted]
You lucky bastard. I would tap that all day. Korean chicks definitely have the best asses in the Asian jungle.
Yea not like those flat chinese asses
Havent had many japs tho
Japs are a little rounder
Chinese are terrible
I wouldn't do it even if I was offered 300 for a
surprised when I saw it
iMessage

26. In another conversation with MT, Defendant continued to sexually denigrate and humiliate Plaintiff to the individual to whom Defendant illegally disseminated nude photos of Plaintiff.

27. The following is a fair and accurate screen shot of the text messages and/or photos exchanged between Defendant and MT with the name redacted.




28. In another conversation with MT, Defendant continued to sexually denigrate and humiliate Plaintiff to the individual to whom Defendant illegally disseminated nude photos of Plaintiff.

29. The following is a fair and accurate screen shot of the text messages and/or photos exchange between Defendant and MT with the name redacted.




30. In another conversation with MT, Defendant continued to sexually denigrate and humiliate Plaintiff to the individual to whom Defendant illegally disseminated nude photos of Plaintiff.

31. The following is a fair and accurate screen shot of the text messages and/or photos exchanged between Defendant and MT with the name redacted.




32. In another conversation with MT, Defendant continued to sexually denigrate and humiliate Plaintiff to the individual to whom Defendant illegally disseminated nude photos of Plaintiff.

33. The following is a fair and accurate screen shot of the text messages and/or photos exchanged between Defendant and MT with the name and images redacted.




34. Defendant separately distributed, disseminated, or published the nude/intimate images of Plaintiff to MA through his mobile device

35. The following is a fair and accurate screen shot of the text messages and/or photos exchange between Defendant and MA[1] with the name and images redacted.

[1] Upon information and belief, the "MT" on this text message and photographic exchange is different than the previously identified individual whose contact name also comes up as "MT".




36. As with his other distributions, disseminations, or publications, Defendant's intent was to embarrass, humiliate, harass, and/or denigrate Plaintiff.

37. Defendant separately distributed, disseminated, or published the nude/intimate images of Plaintiff to CR through his mobile device.

38. The following is a fair and accurate screen shot of the text messages and/or photos exchanged between Defendant and CR with the name and images redacted.




39. As with his other distributions, disseminations, or publications, Plaintiff's intent was to embarrass, humiliate, harass, and/or denigrate Plaintiff.

40. The distribution, dissemination, or publication to MT, MA, and CR was done without Plaintiff's consent and/or authorization.

41. Defendant intentionally and maliciously showed the pictures of Plaintiff so that she could be easily identified, injured in her reputation, and to expose her to pain, ridicule, and embarrassment.

**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C. § 6851**

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

43. Defendant's actions constituted "revenge porn".

44. Revenge porn is the distribution, dissemination, or publication of an intimate image with intent to cause emotional, financial, or physical welfare harm to the subject of the image.

45. The photographs Defendant shared depicted Plaintiff while she was nude.

46. The photographs were transmitted by Defendant to at least three other individuals using an Apple iPhone.

47. Apple iPhones are manufactured exclusively outside the United States in China, India, and Vietnam.

48. Defendant intentionally shared the photographs of Plaintiff with others who personally knew her.

49. Defendant's actions were intentional and reckless, without Plaintiff's knowledge or consent.

50. Defendant was fully aware that the publication of the intimate photographs of Plaintiff would cause severe distress and embarrassment.

51. Defendant's sole purpose of disseminating the photographs was for the purpose of embarrassing and harassing Plaintiff.

52. As a proximate result of Defendant's intentional and malicious actions, Plaintiff was greatly humiliated, and has suffered great pain and mental anguish, all to Plaintiff's damage

in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus liquidated damages, punitive damages, and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK CIVIL RIGHTS LAW § 52-B**

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

54. Defendant's actions constituted "revenge porn".

55. Revenge porn is the distribution, dissemination, or publication of an intimate image with intent to cause emotional, financial, or physical welfare harm to the subject of the image.

56. The photographs Defendant shared depicted Plaintiff while she was nude.

57. Defendant intentionally shared the photographs of Plaintiff with others who personally knew her.

58. Defendant's actions were intentional and reckless, without Plaintiff's knowledge or consent.

59. Defendant was fully aware that the publication of the intimate photographs of Plaintiff would cause severe distress and embarrassment.

60. Defendant's sole purpose of disseminating the photographs was for the purpose of embarrassing and harassing Plaintiff.

61. As a proximate result of Defendant's intentional and malicious actions, Plaintiff was greatly humiliated, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NEW YORK CITY ADMINISTRATIVE CODE § 10-180**

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

63. Defendant's actions constituted "revenge porn".

64. Revenge porn is the distribution, dissemination, or publication of an intimate image with intent to cause emotional, financial, or physical welfare harm to the subject of the image.

65. The photographs Defendant shared depicted Plaintiff while she was nude.

66. Plaintiff was identifiable in the photographs based upon the conversations surrounding the dissemination and other exchanged photographs which included Plaintiff's face.

67. Defendant intentionally shared the photographs of Plaintiff with others who personally knew her.

68. Defendant's actions were intentional and reckless, without Plaintiff's knowledge or consent.

69. Defendant was fully aware that the publication of the intimate photographs of Plaintiff would cause severe distress and embarrassment.

70. Defendant's sole purpose of disseminating the photographs was for the purpose of embarrassing and harassing Plaintiff.

71. As a proximate result of Defendant's intentional and malicious actions, Plaintiff was greatly humiliated, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

73. Defendant's conduct was extreme and outrageous, as he took a nude photograph of Plaintiff without her permission, and transmitted that photograph along with another nude photograph to other individuals.

74. Defendant's conduct was atrocious, indecent, intolerable in a civilized society, and beyond all reasonable bounds of decency.

75. Defendant intended to cause Plaintiff severe emotional distress or acted with reckless disregard of the substantial probability that Plaintiff would suffer severe emotional distress.

76. As a proximate result of Defendant's intentional and malicious actions, Plaintiff was greatly humiliated, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages.

**JURY DEMAND**

77. Plaintiff demands a Trial by Jury of all causes of action so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff JANE DOE respectfully demands judgment against Defendant CLIFFORD ARGINTAR as follows:

A. Under the FIRST COUNT, in an amount no less than FIVE MILLION DOLLARS ($5,000,000.00), plus liquidated damages, punitive damages, and attorney's fees;

B. Under the SECOND COUNT, in an amount no less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees;

C. Under the THIRD COUNT, in an amount no less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees;

D. Under the FOURTH COUNT, in an amount no less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages.

Dated: Garden City, New York
October 21, 2026

Respectfully submitted,
**HORN WRIGHT, LLP**
*Attorneys for Plaintiff, Jane Doe*

By: /s/ *Charles Horn*
Charles Horn, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9696
chh@hornwright.com